QUESTION: Are employees of the Sarasota County School Board entitled to examine the payroll records of the public school system?
SUMMARY: Payroll records of the Sarasota County school system are public records pursuant to Ch. 119, F.S., the Public Records Law, and as such are open to public inspection at all reasonable times. The Public Records Law provides at s. 119.01, F.S., that All state, county, and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen . . . . Section 119.011, F.S., states For the purpose of this act: (1) "Public Records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (2) "Agency" shall mean any state, county or municipal officer, department, division, board, bureau, commission or other separate unit of government created or established by law. (Emphasis supplied.) Section 119.07(1), F.S., further provides: (1) Every person having custody of public records shall permit them to be inspected and examined at reasonable times and under his supervision by any person, and he shall furnish certified copies thereof on payment of fees as prescribed by law. Pursuant to Art. IX, s. 4(a) of the State Const.: Each county shall constitute a school district; provided, two or more contiguous counties, upon vote of the electors of each county pursuant to law, may be combined into one school district. . . . In each school district there shall be a superintendent of schools, Art. IX, s. 5, State Const. The duties and responsibilities of the superintendent are set forth at s. 230.33, F.S., and provide, inter alia, that the superintendent shall: Prepare and recommend to the school board for adoption a salary schedule or salary schedules to be used as the basis for paying members of the instructional staff and other school employees, arranging such schedules, insofar as practicable, so as to furnish incentive for improvement in training and for continued and efficient service. (Emphasis supplied.) Thus, the district school superintendent is required by law to prepare a compensation and salary schedule for instructional as well
as noninstructional personnel, such as secretaries and bookkeepers, which in turn is presented to the school board for adoption. It is apparent that the salary schedules and records of compensation in the possession of the superintendent are public records since such documents are made pursuant to the authority cited above. Section 119.011(1), F.S. Moreover, I have been unable to find any statutory exception to the Public Records Law which exempts such records from the purview of the Public Records Law. Section 119.07(2), F.S. (See, e.q., s. 231.29, F.S., which allows limited disclosure of teacher assessment files.) Therefore, I am of the opinion that salary schedules and records of compensation paid pursuant to such schedules are public records and, accordingly, access to such information may not be denied by the custodian of such records. Accord: Attorney General Opinion 073-30 which held the records of the state attorney's office concerning the salaries paid to assistant state attorneys are public records and as such are open to public inspection at all times.